**FILED**
**Jun 30, 2026**
**03:11 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **MARY PARTON BUNDREN,**<br>          **Employee**,<br><br>**v.**<br><br>**LECONTE MEDICAL CENTER,**<br>          **Employer**,<br>**and**<br>**OLD REPUBLIC INS. GROUP,**<br>          **Carrier**. | **Docket No. 2025-30-5358**<br><br><br>**State File No. 860255-2025**<br><br><br>**Judge Pamela B. Johnson** |

## EXPEDITED HEARING ORDER
### *On-The-Record Determination*

Mary Parton Bundren suffered a life-altering injury at work that left her paralyzed. Ms. Bundren seeks accessible housing, assistive devices, and transportation to her medical appointments. For the reasons below, the Court holds that Ms. Bundren is not likely to prevail at a compensation hearing and denies the requested benefits at this time.

### Claim History

Ms. Bundren was the Director of Volunteer Services for LeConte Medical. On July 17, 2025, she tripped and fell, injuring her head and neck at work. She was diagnosed with quadriplegia, central cord syndrome, and mental injuries. She was 74 years old at the time of her injury.

After the injury, Ms. Bundren lived with family because her previous residence had multiple stairs that could not be modified to accommodate her. Now, however, she is receiving inpatient rehabilitation and specialized spinal cord treatment at the Shepherd Spinal Center in Atlanta, Georgia.

Dr. James Morgan, her physical medicine specialist at the Shepherd Center,

1

determined that Ms. Bundren's long-term disabilities require "assistive devices and other accessibility accommodations, including in her home, to include things such as ramps, grab bars, widened doorways and accessible cabinets, appliances, and bathroom facilities." Dr. Morgan also found that Ms. Bundren would not be able to navigate a house that requires the use of stairs.

He further prescribed certain assistive devices that included smart light switches, bulbs, door openers, and door locks; voice activated speakers, television, and entertainment system; exterior-door ring camera; and cell phone mounts. He noted that she is currently using these devices at the Shepherd Center.

Ms. Bundren submitted an unsworn and unsigned estimate for a bathroom remodel "to meet ADA requirements" totaling $28,960.00. Neither the estimate nor Ms. Bundren's affidavit identified the location of the remodel or owner of the location.

In its admissions, LeConte acknowledged that Ms. Bundren sustained a compensable injury on July 17, 2025. However, it stated that her disabilities and restrictions have not yet been determined because she continues in the rehabilitative phase of her treatment. It further acknowledged that, while rehabilitating, Ms. Bundren might require the use of the assistive devices or other accessibility accommodations.

Ms. Bundren sought "housing or housing modification for her long-term disability needs" to include "construction of a new home" and/or "housing modifications." She also requested transportation for medical appointments.

Except for its admissions, LeConte did not respond to Ms. Bundren's hearing request or file its own affidavits or other documents.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Bundren must show that she is likely to prevail at a compensation hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Section 50-6-204(a)(1)(A) requires the employer to furnish, free of charge, medical treatment and other reasonable and necessary apparatus ordered by the attending physician. Ms. Bundren argued that "apparatus" includes building her a

2

new accessible home with certain assistive devices.

In *Dennis v. Erin Truckways, Ltd.*, 188 S.W.3d 578, 592 (Tenn. 2006), the Tennessee Supreme Court discussed the employer's responsibility in similar circumstances. The Court declined to award specialized housing to the employee, stating that requiring an employer to pay the full cost of specialized housing "would be an unintended windfall for the injured employee because it would relieve that employee of the entire cost of housing—a cost which the statute contemplates he will be paying with the wage-replacement he receives in the form of compensation benefits."

However, the Court added:

Unlike the entire cost of housing itself, in our view, modifications such as ramps, grab bars, widened doorways, and accessible cabinets and appliances are within the statute's definition of "apparatus" when such modifications are found to be medically necessary. If it is possible to modify the injured employee's existing home, then the employer shall bear the cost of all modifications deemed medically necessary.

*Id*.

Here, Dr. Morgan stated that Ms. Bundren's long-term disabilities will require housing modifications and certain assistive devices to allow her to perform activities of daily living. LeConte contended that Ms. Bundren is still rehabilitating and her permanent restrictions have not yet been determined.

Although Ms. Bundren stated that her previous residence could not be modified because of multiple steps, she did not explain why. She also is not qualified to support her opinion as an expert on home remodeling or renovations. Moreover, Ms. Bundren did not introduce any expert testimony on the costs to renovate her existing home based on Dr. Morgan's recommended modifications.

At this time, based on the limited record available, the Court finds that Ms. Bundren did not prove that she is likely to prevail at the compensation hearing that she is entitled to a new accessible house. Moreover, determining the extent of modifications and assistive devices needed at her existing home is premature until she is released from inpatient rehabilitation and/or placed at maximum medical improvement.

Similarly, since Ms. Bundren is receiving in-patient rehabilitation, transportation for medical appointments is not presently an issue. It is premature, at an expedited hearing, for a court to address any entitlement to benefits on future, hypothetical events. *Patrick v. Topgolf,* 2026 TN Wrk. Comp. App. Bd. LEXIS 33, at *10 n.2 (June 25, 2026).

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Bundren's request for medical benefits is denied at this time.

2. The parties shall appear for a Status/Scheduling Hearing on **July 27, 2026**, at **1:30 p.m. Eastern Time**. The parties must dial 855-543-5041 to participate.

**ENTERED June 30, 2026.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## APPENDIX

The technical record consists of all documents filed on the TNComp electronic filing system, which the Court considered in reaching its decision.

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 30, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| David H. Dunaway, Employee's Attorney | | X | dhdunaway@aol.com |
| R. Kim Burnette, Employer's Attorney | | X | kburnette@adhknox.com |

_Penny Shrum_
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____